IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **AMINA KITWARA,**<br><br>   *Plaintiff,*<br><br> v.<br><br>**JULIUS JENGE,**<br><br>   *Defendant.* | Civil Action No. 1:22-cv-1371 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(3) OR, IN THE ALTERNATIVE, TRANSFER PURSUANT TO 28 U.S.C. § 1406(a), AND RULE 12(b)(6)**

Defendant, Julius Jenge ("Julius" or "Defendant"), by counsel, hereby submits this memorandum of law in support of its Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(3) or, in the alternative Transfer pursuant to 28 U.S.C. § 1406(a), and Rule 12(b)(6), and hereby states as follows:

I.  **INTRODUCTION**

Plaintiff Amina Kitwara's ("Plaintiff") Complaint is entirely based on a contrived premise that a general partnership supplanted the entire corporate existence of a Virginia stock corporation without anything more than single, legal conclusion.  According to Plaintiff, four individuals executed a Partnership Agreement wherein a Virginia corporation, Royal Care Incorporated (the "Corporation"), was to be owned and managed by a general partnership, Royal Care, Inc. (the "Partnership").  However, Plaintiff does not support this conclusion without alleging any facts to support that there was a transfer, sale, or assignment of shares in the Corporation—Plaintiff does not even allege whether the Partnership acquired the shares from the Corporation or a shareholder,

1

the consideration, or whether the consideration was paid—or any facts to support that the Corporation delegated its management. Moreover, the Partnership Agreement does not have any provisions referencing a transfer, sale, or assignment of shares, management of the Corporation, or even a reference to the Corporation itself. Without establishing an interest in the Corporation, Plaintiff does not have standing to bring this action, as the entire Complaint is premised on allegations that Julius has taken actions to harm to the Partnership, which Plaintiff owns.

## II. ARGUMENT

The Court should dismiss this lawsuit because (1) Plaintiff fails to allege facts to establish that this forum is the appropriate venue, and (2) the Plaintiff fails to allege facts sufficient to state a claim for relief that is plausible on its face. In the event the Court denies Defendant's Motions to Dismiss, this lawsuit should be transferred to United States District Court for the Eastern District of Virginia, Norfolk Division, pursuant to 28 U.S.C. § 1406(a), as the Defendant is an individual and resident of Norfolk, Virginia.

### A. Rule 12(b)(3) Motion to Dismiss for Improper Venue, or Transfer to the Norfolk Division

Plaintiff has not set forth sufficient allegations to properly lay venue in the Alexandria Division for the Eastern District of Virginia. Under 28 U.S.C. 1391(b), there are three avenues to establish proper venue in a judicial district or division for a civil action: (1) where the defendant resides; or (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if neither of the preceding two options apply, any district in which the defendant is subject to the court's personal jurisdiction. *See* 28 U.S.C.A. 1391(b)(1-3). The plaintiff bears the burden to establish that venue is appropriate. *See Bartholomew v. Va. Chiropractors Ass'n, Inc.*, 612 F.2d 812, 816 (4th Cir. 1979). Here, Plaintiff does not bother to specify whether venue is proper under

subpart (b)(1), (2), or (3). *See* Complaint ("Compl.") ¶ 4.[1]  Nevertheless, Plaintiff states that Defendant resides at 1600 Granby Street, Apartment 304, Norfolk, Virginia 23510. Compl. ¶ 2. Accordingly, Plaintiff cannot assert proper venue in this Court pursuant to § 1391(b)(1) or (3). Therefore, the only basis for proper venue is pursuant to § 1391(b)(2): that a substantial part of the events or omissions giving rise to the claim occurred within the jurisdiction of the Alexandria Division.

Plaintiff's only allegations that venue is proper in this Division are "the Corporation operates an office in Alexandria, Virginia, and the principal office of the Partnership is located at 11890 Sunrise Valley Dr. Ste. #606, Reston, VA 20191." *Id*. at 4.  Neither of these allegations, even if true,[2] are a basis for establishing that a substantial part of the events or omissions giving rise to the claim occurred within the Alexandria Division.

The Complaint alleges three causes of action (Breach of Partnership Agreement, Breach of Fiduciary Duty, and Conversion), which are all centered around the same set of facts.  Plaintiff alleges, *inter alia*, the following wrongful actions: (a) failing to make capital contributions, (b) failing to consult with Plaintiff on certain decisions, (c) removing Plaintiff's access to financial records, (d) causing a tax lien to be placed on the Corporation's property, and (e) transferring money out of the Corporation's bank accounts. *See* Compl. ¶¶ 37, 45, 50.  Notably, each of the alleged actions can be done in almost any part of the world by signing into an electronic bank

---

[1] The Court should dismiss the lawsuit on this basis alone, as Plaintiff failed to carry her burden.

[2] Neither the registered agent's address nor the principal office address of the Corporation is located in Alexandria. A copy of the most recent annual statement of the Corporation, which was filed with the Virginia State Corporation Commission prior to this lawsuit, is attached hereto as **Exhibit A**, which the Court may take judicial notice of pursuant to Federal Rule of Evidence 201(b).

The Virginia Uniform Partnership Act defines "principal office" as "the office … where the chief executive offices of a domestic or foreign partnership or registered limited liability partnership are located." Va. Code § 50-73.79. Regardless of where the Partnership Agreement states that the principal office is located, the chief executive offices are not located in the Alexandria Division.

account. Plaintiff does not make any allegations that even a single event took place within the Alexandria Division, much less an allegation sufficient to claim that a "substantial part" of the events or omissions took place there. Perhaps even more importantly, Plaintiff is not even a resident within the Alexandria Division, *see* Compl. ¶ 1, such that she can claim her alleged harm was a substantial part of events that took place in this Division.

Plaintiff appears to baldly claim that venue is proper in this Division because the Corporation and Partnership, neither of which are parties to this suit, have an office here. Merely having an office within a Division's jurisdiction is plainly not an avenue for establishing proper venue pursuant to 28 U.S.C. § 1391(b), and the Court should dismiss this lawsuit with prejudice, accordingly. In the alternative, if the Court determines that it is in the interests of justice not to dismiss this case, the Court should transfer this case to the Norfolk Division, where there is proper venue, pursuant to 28 U.S.C. § 1406(a).

### B. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

"To survive a [12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqubal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculation level." *Twombly*, 550 U.S. at 555. Though the district court must accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff on a motion to dismiss, the court "need not accept the legal conclusions drawn from the facts," *E. Shore Mkts., Inc. v. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (internal citations omitted), and does not consider "legal conclusions, elements of a cause of action, bare assertions devoid of further enhancement[,] … unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v.*

*Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (internal citations omitted); *see also Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Here, Plaintiff fails to state a cause of action for which relief can be granted because her causes of action are based upon unwarranted inferences, unreasonable conclusions, and legally impossible arguments that completely disregard the distinct legal nature of the Corporation.

> ### i. ***Plaintiff's claims fail because the Partnership Agreement is an unenforceable agreement to agree***

Plaintiff's claims must fail because each claim is based upon the premise that the Partnership Agreement is a valid and enforceable contract, which it is not. "[M]utuality of assent––the meeting of the minds of the parties—is an essential element of all contracts." *Phillips v. Mazyck*, 273 Va. 630, 636 (2007) (internal citations omitted). To that end, "agreements to agree in the future" are "too vague and too indefinite to be enforced." *W.J. Schafer Assocs., Inc. v. Cordant, Inc.*, 254 Va. 514, 519 (1997).

Here, the Partnership Agreement requires partners contribute cash to the Partnership "in agreed upon value," Compl. Ex. 1, ¶ 14, (with the "agreed value" set as percentages), "fully and on time," Compl. Ex. 1, ¶ 15, "to acquire an interest in the Partnership." Compl. Ex. 1, ¶ 77(d). Notably, there is nothing in the Partnership Agreement that sets forth the amount of the contributions or when the contributions become due. In fact, though Plaintiff alleges that Julius "has yet to make any capital contributions," Compl. ¶ 10, she does not state whether she has made any capital contributions and, if so, in what amount and whether such amount was agreed upon by the parties. Of course, Plaintiff is unable to make such allegations because the Partnership Agreement never amounted to more than an unenforceable agreement to agree.

Plaintiff failed to establish that there was legally enforceable obligation, the necessary element for a breach of contract action, *see Navar, Inc. v. Fed. Bus. Council*, 291 Va. 338, 344

(2016), because she cannot establish a meeting of the minds between the parties. Therefore, Plaintiff's Count I should be dismissed with prejudice. Just the same, Plaintiff's Counts II and III should be dismissed with prejudice because each is predicated on the existence of a valid and enforceable Partnership Agreement. Without a Partnership Agreement, Plaintiff cannot establish that Defendant owed her any fiduciary duties or that Plaintiff has standing to proceed with a claim for conversion of the Corporation's funds.

> ii. ***Even if the Partnership Agreement is enforceable, Plaintiff's claims fail because the Partnership is a separate and distinct legal entity, which never acquired ownership or control of the Corporation***

"The proposition is elementary that a corporation is a legal entity separate and distinct from the shareholders or members who compose it." *Cheatle v. Rudd's Swimming Pool Supply Co., Inc.*, 234 Va. 207, 212 (1987). While a general partnership does not require the same formalities as a corporation, similar to a corporation, "[a] partnership is an entity distinct from its partners." Va. Code § 50-73.87. As distinct entities, both corporations and partnerships can acquire and own property and assets in their own name. *See* Va. Code § 13.1-627(A); Va. Code 50-73.89. Plaintiff attempts to destroy these well-established principles by conflating, and effectively merging, two distinct entities by making a single, conclusory allegation in an attempt breathe life into this action. Such efforts are unavailing.

Unless changed by the corporation's governing documents (within the confines of the Virginia Code), a Virginia stock corporation is governed by Virginia Code § 13.1-601, *et seq*. The Code provides, "[a]ll corporate powers shall be exercised by or under the authority of the board of directors, and the business and affairs of the corporation managed under the direction, and subject to the oversight, of the board of directors." Va. Code § 13.1-673(B). Virginia Code Section 13.1-643 governs the issuance of shares, i.e., ownership, for a corporation. It establishes how shares

are authorized to be issued and the conditions or terms that may be placed on the acquisition of shares. *See* Va. Code § 13.1-643(B).  The Complaint entirely disregards the Virginia Stock Corporation Act's provisions related to control and share issuance to make her claims even remotely plausible.

On August 3, 2017, Julius incorporated the Corporation. *See* Compl. ¶ 5; *see also* the Corporation's Articles of Incorporation, attached hereto as **Exhibit B**.[3]  Since that time, Julius has been the stockholder of the Corporation. *See generally* Compl. ¶ 7.  According to Plaintiff, Julius and Plaintiff's parents agreed to have Plaintiff's parents "fund" the Corporation in exchange for an ownership interest in the Corporation, which would be held in Plaintiff's name. Compl. ¶ 7. However, **Plaintiff was never issued shares in the Corporation**. *See* Compl. ¶ 8.  Without an ownership interest in the Corporation, Plaintiff does not have standing to bring the claims in this litigation given that Plaintiff's allegations tied entirely to actions, financial records, and finances of the Corporation.  To overcome this, Plaintiff makes the unreasonable, and even incomprehensible, conclusion that Plaintiff, who did not acquire shares of the Corporation, has been harmed because the parties "decided to have the Corporation owned and managed by [the] Partnership and accordingly entered [the] Partnership Agreement." Compl. ¶ 8.  However, there is no support for this entirely legal conclusory.

First, the Partnership Agreement does not contain a single provision that states, or can even be inferred to state, that the Partnership was acquiring the Corporation's shares.  Moreover, the Complaint does not allege the Corporation's board of directors authorized the issuance of shares to the Partnership, as required by Virginia Code Section 13.1-643(B).  The Complaint does not allege whether the Partnership was acquiring shares directly from the Corporation or directly from

---

[3] The Court may take judicial notice of the Articles of Incorporation, which are publicly available on the Virginia State Corporation Commission's website, pursuant to Federal Rule of Evidence 201(b).

Julius—in fact, the Partnership Agreement states that Julius's capital contribution was in the form of "cash," not property. *See* Compl., Ex. 1, ¶ 14. The Complaint does not allege whether it was the Corporation or Julius that was assigning, transferring, selling, or exchanging shares of the Corporation. The Complaint does not allege the terms or conditions of the transfer of shares. And, the Complaint does not allege whether any consideration was given for the transfer of shares. In short, Plaintiff would like Defendant, and the Court, to accept its legal conclusion that an ownership transfer took place without providing any factual allegations to support such conclusion. In reality, this supposed "transfer" of ownership never took place. Without the Partnership owning the Corporation, Plaintiff has no standing on her claims related to the internal operations of the Corporation.

Second, neither the Partnership Agreement nor the Complaint contain any provisions or allegations to establish that the alleged management of the Corporation was transferred to the Partnership or that such transfer was in compliance with the Code. The Virginia Supreme Court has held, "[t]he board of directors have the widest powers, all the various contracts which a corporation may enter into are entered into by and through the board of directors," *Sterling v. Trust Co. of Norfolk*, 149 Va. 867, 877–78 (1928), and agents or officers of a corporation who are not board members lack the authority to enter into transactions that are "a matter of policy and planning the business of the corporation, which in law depended solely for its determination upon the discretion and judgment of its board of directors." *WMB, LLC v. Wildwoods Holding Corp.*, 270 Va. 156, 163 (2005) (quoting *id*. at 881). Indeed, wide powers of the board of director's control and authority, and the limitation on their delegation power, has been codified by the Virginia General Assembly in Virginia Code § 13.1-673(B).

In this case, just as there are no provisions in the Partnership Agreement concerning transfer of shares to the Partnership, there are no provisions indicating that management of the Corporation was being delegated to the Partnership. This can be plainly seen in Paragraph 37(a-g) of the Complaint where the Plaintiff seemingly replaces "Partnership," as used in the Partnership Agreement, with "Royal Care," aka the Corporation, without any claimed basis for doing so. Even if such terms, could be inferred, which they cannot, by claiming that the Partnership has managerial authority over the Corporation, Plaintiff is attempting to do what Virginia law plainly forbids: delegating the duties, discretion, and judgment of the Corporation's board to non-board members, i.e., the partners and the board members of the Partnership. *See* Compl., Ex. 1, ¶¶ 8–13, 17, 21–22, 25, 28, 63. Plaintiff does not allege sufficient facts to assert that the Partnership was granted managerial control of the Corporation, nor can it under Virginia law. Therefore, the Complaint should be dismissed with prejudice.

Each Count of the Complaint is based on the bare legal conclusions contained in Paragraph 8 of the Complaint: The Corporation was owned and managed by the Partnership. If the Corporation is not owned and managed by the Partnership, Plaintiff has no basis, or standing, to claim that Julius breached the Partnership Agreement or breached fiduciary duties to Plaintiff because his actions were taken on behalf of an entirely distinct entity, the Corporation. Similarly, if the Partnership does not own the Corporation, Plaintiff has no ownership interest in the allegedly converted property, *Economopoulos v. Kolaitis*, 259 Va. 806, 814 (2000), and Plaintiff has no standing for her conversion claim. Plaintiff has plainly failed to state a plausible basis for which relief can be granted and this case should be dismissed with prejudice.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's lawsuit, with prejudice, or, in the alternative, transfer it to the United States District Court, Eastern District of Virginia, Norfolk Division.

Dated: December 29, 2022

BY: /s/ Samuel K. Walsh
Samuel K. Walsh, Esq. (VSB No.: 92591)
PIERCE MCCOY, PLLC
101 West Main Street, Suite 101
Norfolk, Virginia 23510
Telephone: (757) 216-0226
Facsimile: (757) 257-0387
sam@piercemccoy.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 29th day of December 2022, I electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system, which will copy the following users:

Timothy P. Bosson, Esq.
Robert Rose, Esq.
Isaiah R. Kalinowski, Esq.
Bosson Legal Group, PC
8300 Arlington Boulevard, Suite B2
Fairfax, Virginia 22031
T: (571) 775-2529
F: (571) 775-2521
tbosson@bossonlaw.com
rrose@bossonlaw.com
ikalinowski@bossonlaw.com
*Counsel for Plaintiff*

Faisal Shawn Mughal, Esq.
Mughal Law Firm PLLC
6214 Old Franconia Road, Suite B
Alexandria, Virginia 22310
T: (703) 672-2165
F: (703) 672-2166
shaw@mughallawfirm.com
*Counsel for Plaintiff*

                                                                     /s/ Samuel K. Walsh
                                                                      Samuel K. Walsh, Esq.